UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Johnny Surprise,

    Plaintiff,

v.

Stamats Communications, Inc., and
The Thorburn Group, a wholly owned
subsidiary of Stamats Communications, Inc.

    Defendants.

**COMPLAINT AND JURY DEMAND**

Civil File No._____
Case Type: Employment

---

Now comes Plaintiff, Johnny Surprise (referred to as "Surprise"), as and for his claim for relief against Defendants, former employer, Stamats Communications, Inc. and The Thorburn Group, a wholly owned subsidiary of Stamats Communications, Inc., (collectively referred to as "Stamats"), states and alleges as follows:

1. Despite numerous accomplishments by Surprise and good performance, Stamats terminated Surprise's employment after he requested reasonable accommodations for his disabilities.

2. Surprise is a resident of Minnesota. Surprise worked for Stamats as the Director of New Business Development from on or about July 24, 2017 until Stamats informed

1

him on November 2, 2018 that it was terminating his employment effective November 18, 2018. Surprise worked for Stamats at the location of Stamats' wholly owned subsidiary, The Thorburn Group, located in Minneapolis, Minnesota.

3.     This cause of action is brought under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.* for disability discrimination/failure to accommodate and retaliation; and the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A.01 *et. seq.* for disability discrimination/failure to accommodate and retaliation.

4.     Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1001 and 1331 and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

5.     During the entire period of Surprise's employment, Stamats has been an employer within the meaning of the MHRA.

6.     Stamats is a foreign corporation registered and in good standing with the Minnesota Secretary of State.

7.     In January 2019, Surprise filed a Charge of Discrimination with the Minneapolis Department of Civil Rights (MDCR) alleging disability discrimination and retaliation (MDCR File No. 19-00714). This Charge was cross-filed with the EEOC (EEOC File No.: 26D-2019-00009). After filing an Appeal of the MDCR, the City of Minneapolis, Commission on Civil Rights, issued an Order of the Review Committee on May 17,

2021. Pursuant to Minneapolis Code of Ordinances, Title 7, Chapter 141, Section 141.60, Surprise timely filed this lawsuit within 45 days of the date of the Order of the Review Committee.

8. Surprise was well qualified for his position. Surprise has over 15 years of branding, sales, and marketing experience. In his role, Surprise identified, contacted, and was working to develop new business numerous prospective clients for Stamats.

9. Surprise is a member of a protected group. He is disabled and/or perceived/regarded as disabled. He has disabilities of depression and anxiety. Surprise was under the care of a doctor for his disabilities. Surprise's disabilities materially and/or substantially affect major life activity(ies) of caring for oneself, sleeping, and concentrating.

10. Stamats knew of Surprise's disabilities because he told them.

11. Surprise was able to perform the essential function of his job with or without accommodations.

12. Stamats regarded Surprise as disabled based on their actions.

13. Surprise engaged in protected activity when he requested a reasonable accommodation of medical leave for his disabilities on September 17, 2018.

14. Surprise's doctor filled out medical leave paperwork that outlined Surprise was suffering from anxiety and that he needed to be out of work until October 10, 2018, and with intermittent leave for four hours, one day a week from October 10, 2018 to January 31, 2019. This paperwork was provided to Stamats.

15. On October 1, 2018, Surprise spoke with Stamats' Director of Human Resources, regarding his medical leave. After this call, Surprise emailed the Director of Human Resources the paperwork his doctor had filled out (described above in Paragraph 12).

16. Stamats retaliated against Surprise after he engaged in protected activity by including, but not limited to, terminating his employment.

17. On Friday, October 5, 2018, Stamats sent Surprise a letter terminating his employment while he was out on medical leave. After receiving this letter, Surprise emailed Stamats' Director of Human Resources reiterating he had provided her with his doctor's paperwork and provided his doctor's note describing his need medical leave.

18. On October 9, 2018, Stamats informed Surprise they were rehiring him. He went back to work from medical leave on October 11, 2018.

19. Stamats termination of Surprise on October 5, 2018, while he was out on medical leave, was not because of any alleged performance reasons. Instead, when Stamats

realized its mistake in firing Surprise because it thought he had not submitted paperwork for his medical leave, Stamats hired him back. If Surprise were a poor performer, Stamats would have stated this as the reason for his termination and would not have hired him back. Stamats actions show pretext and discriminatory and retaliatory animus.

20. After Mr. Surprise returned to work, however, Stamats treated him differently and in a manner that suggests continued discriminatory and retaliatory animus. For example, Stamats did not include Surprise on any internal emails, even after he asked management to include him. Management no longer included Surprise in the Monday morning staff meetings and did not reply to Surprise's work texts or emails, unless Surprise copied the CEO on the email.

21. Despite Surprise's class and qualifications, Stamats treated him adversely during his employment, including but not limited to, terms and conditions of employment and termination.

22. Three weeks after Surprise returned to work, Stamats again terminated his employment on November 2, 2018, informing him the termination was effective November 18, 2018.

23. Stamats' stated reason for terminating Surprise – performance - is pretext for disability discrimination and retaliation. Surprise had brought in clients and had done

5

significant work in 2017 and 2018 to develop new business with numerous prospective clients.

24. There are no documented performance concerns with Surprise's job performance prior to Surprise requesting accommodation for his disabilities.

25. As a result of Stamats' adverse treatment, Surprise has suffered damages, including but not limited to financial damages, lost benefits, and emotional distress damages.

**COUNT I**

**(Americans with Disabilities Act, as amended:  Disability Discrimination and Failure to Accommodate – 42 U.S.C. § 12101 *et. seq.*)**

Surprise realleges and incorporates herein by reference Paragraphs 1 through 25 set forth above.

26. Stamats' treatment of Surprise, including but not limited to the discriminatory treatment previously outlined in this complaint, is in violation of the Americans with Disabilities Act, as amended.

27. Stamats violated the Americans with Disabilities Act, as amended, by treating Surprise adversely in the terms and conditions of his employment and termination.

28. As a result of Stamats' adverse employment decisions, Surprise suffered damages including, but not limited to, emotional distress, mental and physical anguish, pain and suffering, financial losses, and lost benefits.

WHEREFORE, Surprise prays for judgment against Stamats for its discrimination against Surprise as follows:

a. That the Court assume jurisdiction over this cause of action;

b. That the Court order Stamats to pay Surprise all back pay, front pay, and lost benefits with interest at the highest legal rate;

c. That the Court award Surprise damages as set forth under the Americans with Disabilities Act, as amended.

d. That the Court order Stamats to pay Surprise's reasonable attorney's fees;

e. That the Court award Surprise punitive damages.

f. That the Court order Stamats to pay costs and expenses of this action; and

g. That the Court grant Surprise such further relief as appears appropriate and just under the circumstances.

## COUNT II

### (Americans with Disabilities Act Amendments Act, as amended:  Retaliation – 42 U.S.C. §12101 *et. seq.*)

Surprise realleges and incorporates herein by reference Paragraphs 1 through 28 set forth above.

29. Stamats' treatment of Surprise, including but not limited to the retaliation previously outlined in this complaint, is in violation of the Americans with Disabilities Act, as amended.

30. Stamats violated the Americans with Disabilities Act, as amended, by treating Surprise adversely in the terms and conditions of his employment and termination.

31. That as a result of Stamats' adverse employment decisions, Surprise suffered damages including, but not limited to, emotional distress, mental and physical anguish, pain and suffering and lost wages.

WHEREFORE, Surprise prays for judgment against Stamats for its discrimination against Surprise as follows:

a. That the Court assume jurisdiction over this cause of action;

    b.    That the Court order Stamats to pay Surprise all back pay, front pay, and lost benefits with interest at the highest legal rate;

    c.    That the Court award Surprise damages as set forth under the Americans with Disabilities Act, as amended.

    d.    That the Court order Stamats to pay Surprise's reasonable attorney's fees;

    e.    That the Court award Surprise punitive damages.

    f.    That the Court order Stamats to pay costs and expenses of this action; and

    g.    That the Court grant Surprise such further relief as appears appropriate and just under the circumstances.

## COUNT III

**(MHRA:  Disability Discrimination and Failure to Accommodate – Minn. Stat. §363A.01 *et. seq.*)**

Surprise realleges and incorporates herein by reference Paragraphs 1 through 31 set forth above.

32. Stamats' treatment of Surprise, including but not limited to the discriminatory treatment and failure to accommodate previously outlined in this complaint, is in violation of the Minnesota Human Rights Act.

33. Stamats violated the MHRA by treating Surprise adversely in the terms and conditions of his employment and termination.

34. As a result of Stamats' adverse employment decisions, Surprise suffered damages including, but not limited to, emotional distress, mental and physical anguish, pain and suffering, financial losses, and lost benefits.

WHEREFORE, Surprise prays for judgment against Stamats for its discrimination against Surprise as follows:

    a. That the Court assume jurisdiction over this cause of action;

    b. That the Court grants Surprise a jury trial.

    c. That the Court order Stamats to pay Surprise all back pay, front pay, and lost benefits with interest at the highest legal rate;

    d. That the Court order Stamats to pay punitive damages as set forth under the Minnesota Human Rights Act;

e.  That the Court order Stamats to pay Surprise's reasonable attorney's fees;

f.  That the Court order Stamats to pay costs and expenses of this action; and

g.  That the Court grants Surprise such further relief as appears appropriate and just under the circumstance

## COUNT IV

**(Minnesota Human Rights Act: Retaliation - Minn. Stat. §363A.15 *et. seq.*)**

Surprise realleges and incorporates herein by reference Paragraphs 1 through 34 set forth above.

35. That Stamats' treatment of Surprise as outlined previously in this complaint, including, but not limited to, Surprise's conditions of employment and termination of his employment, is retaliatory in violation of the Minnesota Human Rights Act.

36. That as a result of Stamats' adverse employment decisions, Surprise suffered damages including, but not limited to, emotional distress, mental and physical anguish, pain and suffering and lost wages.

WHEREFORE, Surprise prays for judgment against Stamats for its discrimination against Surprise as follows:

a.  That the Court assume jurisdiction over this cause of action;

b.  That the Court grants Surprise a jury trial.

c.  That the Court order Stamats to pay Surprise all back pay, front pay, and lost benefits with interest at the highest legal rate;

d.  That the Court order Stamats to pay punitive damages as set forth under the Minnesota Human Rights Act;

e.  That the Court order Stamats to pay Surprise's reasonable attorney's fees;

f.  That the Court order Stamats to pay costs and expenses of this action; and

g.  That the Court grants Surprise such further relief as appears appropriate and just under the circumstances.

Dated: June 29, 2021             s/ Beth Bertelson
Beth E. Bertelson (#186806)
Andrea R. Ostapowich (#320006)
*Attorneys for Plaintiff*
BERTELSON LAW OFFICES, P.A.
333 Washington Ave. North
Union Plaza, Suite 402
Minneapolis, MN 55401
Phone: (612) 278-9832
Fax: (612) 340-0190
Email: beth@bertelsonlaw.com
        andrea@bertelsonlaw.com